# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH L. OLLIE, ) | |
|     Plaintiff ) | |
| ) | C.A.No. 15-183ERIE |
| vs. ) | |
| ) | District Judge Rothstein |
| MS. NANCY GIROUX, et al, ) | Magistrate Judge Baxter |
|     Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendants [ECF No. 12] be granted. It is further recommended that the motion for summary judgment filed by Plaintiff [ECF No. 15] be denied. Additionally, Plaintiff's motion for leave to file an amended complaint [ECF No. 24] should be denied as futile. The Clerk of Courts should be directed to close this case.

**II.    REPORT**

    **A.  Relevant Procedural History**

1

Plaintiff, currently a federal inmate, initiated this civil rights action on July 21, 2015.[1] As Defendants to this action, Plaintiff has named: Superintendent Nancy Giroux; Registration Official Ms. Hazlett; and Grievance Official Ms. Martucci.

Defendants have moved to dismiss the complaint. ECF No. 13. Plaintiff has moved for leave to file an amended complaint. ECF No. 24. Plaintiff has also filed a motion for summary judgment, which this Court stayed because no discovery had taken place. ECF No. 15; ECF No. 18.

The motion to dismiss is ripe for disposition by this Court.

**B. The Allegations of the Original Complaint**

On July 6, 2015, while in the custody of the Commonwealth of Pennsylvania, Plaintiff was informed by Defendant Hazlett that he must register as a sex offender under Megan's Law prior to his parole to begin serving a federal detainer. According to Plaintiff, Hazlett "threatened" that Plaintiff's failure to cooperate in this regard could result in the denial of his parole. Plaintiff refused to sign the "Megan's Law papers" arguing that he was not subject to any provision of Megan's Law.

On July 9, 2015, the Pennsylvania State Police informed Hazlett and Plaintiff that Plaintiff was not required to register under Megan's Law.

Plaintiff claims that these events violated his Fourth, Fifth, and Eighth, and Fourteenth Amendment rights. Plaintiff seeks monetary and injunctive relief. ECF No. 3.

---

[1] At the time of the filing of this civil action, Plaintiff was incarcerated within the state correctional system. Since that time, Plaintiff has been paroled to a federal detainer to begin serving his federal sentence.

### C. Standards of Review

#### 1) *Pro se* pleadings

*Pro se* pleadings, "however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("[W]e should recognize that a habeas corpus petition prepared by a prisoner without the aid of counsel may be inartfully drawn and should therefore be read with a measure of tolerance."); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b) (6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b) (6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This

'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 3) Motion for summary judgment pursuant to Rule 56

Several exhibits have been submitted by the parties. Therefore, where appropriate, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party 'who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 quoting Fed.R.Civ.P. 56.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Id. at 330. See also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007). When a non-moving party would have the burden of proof at trial, the moving party has no burden to negate the opponent's claim. Celotex, 477 U.S. at 323. The moving party need not produce any evidence showing the absence of a genuine issue of material fact. Id. at 325. "Instead, … the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. After the moving party has satisfied this low burden, the nonmoving party must provide facts showing that there is a genuine issue for trial to avoid summary judgment. Id. at 324. "Rule 56(e) permits a proper summary judgment motion to be

opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). In considering these evidentiary materials, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." Scott v. Harris, 550 U.S. 372, 378 (2007) (internal quotation marks and alterations omitted). See also Doe v. Cnty. Of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001) (when applying this standard, the court must examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment).

### D. Defendants Martucci and Giroux

Although Plaintiff claims that Defendants Martucci and Giroux were responsible for the violation of his constitutional rights, he has not made any factual allegations against them. Instead, Plaintiff claims that Martucci failed to take action to curb the actions of Hazlett and that Giroux failed to take disciplinary measures against Hazlett. ECF No. 3, at ¶¶ 33-34.

In order to establish liability under § 1983, a plaintiff must allege that the prison official was personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Liability under § 1983 cannot be predicated solely on *respondeat superior.* Rizzo v. Goode, 423 U.S. 362 (1976). See also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action). When a supervisory official is sued in a civil rights action, liability can only be

imposed if that official played an "affirmative part" in the complained-of misconduct. <u>Chinchello v. Fenton</u>, 805 F.2d 126, 133 (3d Cir. 1986).

Because Plaintiff has not alleged that either Martucci or Giroux played the requisite "affirmative part" in the alleged violation of his constitutional rights, but rather alleged after the fact participation or supervisory actions only, Martucci and Giroux should be dismissed from this action. Furthermore, nothing in Plaintiff's proposed amended complaint provides the factual basis for the necessary affirmative action of Martucci or Giroux. Accordingly, the motion for leave to amend in this regard should be denied as futile.[2]

### E. Defendant Hazlett

The allegations against Hazlett are namely that she told Plaintiff he was required to register, "threatened" him with the denial of parole from the state system, but that Plaintiff refused to sign the documents and was subsequently informed three days later that he was not subject to the registration provisions of Megan's Law.

Defendants argue that Plaintiff cannot establish any violation of his constitutional rights based on the allegations of the complaint. This Court agrees. The conduct complained of does

---

[2] Federal Rule of Civil Procedure 15(a)(2) states that "the court should freely give leave when justice so requires." <u>Id</u>. "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. <u>In re NAHC, Inc. Securities Litig.</u>, 306 F.3d 1314, 1332 (3d Cir. 2002).

8

not violate any of Plaintiff's constitutional rights. Plaintiff's proposed amended complaint does not add anything of import to the factual narrative in order to overcome the motion to dismiss.

Furthermore, the evidence before this Court demonstrates that Hazlett is required to submit information to the Pennsylvania State Police in order to determine if an inmate is subject to the registration requirements of Megan's Law. ECF No. 20-1, pages 2-4. As she was preparing Plaintiff for parole, Hazlett advised Plaintiff to complete the paperwork for the Pennsylvania State Police who would then determine whether Plaintiff was required to register. Id. Hazlett submitted the appropriate paperwork to the PSP on July 6, 2015, and three days later, received written notification that Plaintiff was not subject to Megan's Law. Id. Importantly, the record further reflects that Plaintiff is not registered on the Megan's List website. Id. at page 12.

Summary judgment should be granted in favor of Defendant Hazlett.

### III.  CONCLUSION

It is respectfully recommended that that the motion to dismiss filed by Defendants [ECF No. 12] be granted. It is further recommended that the motion for summary judgment filed by Plaintiff [ECF No. 15] be denied. Additionally, Plaintiff's motion for leave to file an amended complaint [ECF No. 24] should be denied as futile. The Clerk should be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). No

extensions of time will be granted. Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 5, 2016

10