# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# AT ERIE

| | | |
|---|---|---|
| JOSEPH L. OLLIE, | ) | Civil Action No. 15-183 Erie |
| *Plaintiff,* | ) | |
| | ) | District Judge Barbara Rothstein |
| v. | ) | |
| | ) | ORDER ADOPTING |
| NANCY GIROUX, *et al.*, | ) | MAGISTRATE JUDGE'S |
| *Defendants*. | ) | RECOMMENDATION TO GRANT |
| | ) | MOTION TO DISMISS |

## ORDER

*Pro se* Plaintiff Joseph Ollie brings this civil action against Defendants Nancy Giroux, Ms. Hazlett, and Ms. Martucci, employees at the State Correctional Institution at Albion (SCI-Albion), a Pennsylvania state prison where Plaintiff was formerly incarcerated. Plaintiff alleges that his Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated when Hazlett directed Plaintiff to fill out paperwork to register for Megan's Law, a Pennsylvania statute requiring sex offenders to register with the state, see 42 Pa.C.S. § 9799.28, and threatened to delay Plaintiff's parole if he refused. Plaintiff seeks monetary and injunctive relief. Defendants move to dismiss. Plaintiff has filed two motions to amend his Complaint.

In her Report & Recommendation on Defendants' Motion, Magistrate Judge Susan Baxter concluded that Plaintiff failed to allege a constitutional violation and recommended that Defendant's Motion be granted. Magistrate Judge Baxter also recommended that Plaintiff's First Motion for Leave to Amend be denied. Plaintiff objects. Because the Court agrees with Magistrate Judge Baxter's conclusion, Plaintiff's objections are overruled, and the Recommendation is adopted. Further, Plaintiff's Motions for Leave to Amend his Complaint are denied.

1

I.  Defendants' Motion to Dismiss

According to the Complaint, on July 6, 2015, Hazlett, Superintendent of SCI-Albion, informed Ollie, then an inmate at the facility, that because he was convicted of a rape offense, he was required to register as a sex offender pursuant to Megan's law. Compl. at 2. Hazlett directed Ollie to fill out the necessary paperwork for registration and to submit his fingerprints. Id. When Ollie asserted that his conviction was not covered by Megan's Law and refused to sign the paperwork, Hazlett allegedly threatened to deny his parole release. Id. at 3–4. A delay to his parole would have prevented Ollie from beginning a twelve year federal sentence that he was obliged to serve when his state sentence ended. Id. at 4. Ollie asked for a review to determine whether he was obligated to register under Megan's Law. Id. After a review by the Pennsylvania State Police confirmed that Ollie was not required to register under Megan's law, Ollie was released from any paperwork obligations, and he does not currently appear on the public Megan's law registry. Mot. to Dismiss, Exs. 2 and 3. Ollie has been paroled to his federal detainer, and is currently serving a federal sentence at Elkton Federal Correctional Institution in Lisbon, Ohio. Mot. to Dismiss, ¶ 1.

In her Report & Recommendation on Defendants' Motion to Dismiss, Magistrate Judge Baxter concluded that Plaintiff failed to allege facts rising to the level of a constitutional violation. She therefore recommended that Defendant's Motion be granted. Plaintiff objects, arguing that Defendants' actions did violate his constitutional rights.

The Court agrees with Magistrate Judge Baxter's assessment. While Defendants concede that requiring Ollie to sign Megan's law registration documents was a mistake, Defs.' Brief at 4, and indeed, any threats made against Plaintiff would be troubling to say the least, Plaintiff ultimately was not required to register for Megan's law. Moreover, he does not allege that his

parole was delayed or denied.  As such, Plaintiff has suffered no harm that is actionable under the Constitution.  Therefore, Plaintiff is not entitled to relief, and his objections are overruled.

I. Plaintiff's Motions for Leave to Amend

Plaintiff has filed two Motions for Leave to Amend his Complaint—the first shortly after the briefing for the Motion to Dismiss concluded, and the second after Defendant filed his objections to Magistrate Judge Baxter's Report and Recommendation.  Federal Rule of Civil Procedure 15 gives plaintiffs the right to amend a complaint within 21 days after service of the complaint, a responsive pleading, or a motion to dismiss.  After these respective time periods have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15.  Courts should "freely give [leave] when justice so requires."  Id.  A request to amend a complaint may, however, be denied if it is the product of undue delay or bad faith, if amending the complaint would be futile, or if granting leave would result in prejudice to the opposing party.  Foman v. Davis, 371 U.S. 178, 182 (1962).

The First Proposed Amended Complaint concerns the same events as the original Complaint, but adds nothing that would bring Plaintiff's allegations to the level of a constitutional violation.  See First Proposed Amended Complaint.  As such, Magistrate Baxter recommended that the Motion be denied as futile.  The Court agrees with this conclusion and thus will deny the Motion.

In the Second Motion, Plaintiff seeks to supplement his Complaint with claims related to an alleged sexual assault perpetrated against him by another inmate in 2014.  See Second Proposed Amended Complaint, ¶¶ 2–7.  Plaintiff claims that Defendants failed to properly perform their job functions to ensure his safety from sexual assault.  Id. ¶¶ 4–6.  Nearly a year passed between the time when Plaintiff filed this lawsuit on July 21, 2015 and when he moved on July 11, 2016 for

leave to add these new allegations to his Complaint. It was not until after Magistrate Judge Baxter recommended that Plaintiff's case be dismissed that Plaintiff filed the instant Motion to Amend. The new allegations concern events that occurred in December 2014—nearly seven months prior to the events recited in Plaintiff's original Complaint. See id., ¶ 1. The motion provides no justification for the delay in bringing forth these additional claims. Given the advanced stage of this litigation and the likelihood that the passage of time could prejudice Defendants' ability to gather evidence, leave to amend is not warranted. The Second Motion for Leave to Amend is denied.

II.     Conclusion and Order

Having reviewed the Magistrate Judge's Report & Recommendation, as well as Plaintiff's Objections, the Court adopts the Magistrate Judge's Recommendation. For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 12, is GRANTED. Plaintiff's First and Second Motions to File an Amended Complaint, ECF. Nos. 24 and 27, are DENIED. Plaintiff's Motion for Summary Judgment, ECF No. 15, is DENIED AS MOOT. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: September 14, 2016

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE